**STATE**

v.

**Carl B. DeSANTO.**

**No. 90–45–C.A.**

Supreme Court of Rhode Island.

March 11, 1992.

James E. O'Neil, Atty. Gen., Aaron Weisman, Sp. Asst. Atty. Gen., Jeffrey Greer, Jane McSoley, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the defendant's appeal from a judgment of conviction of conspiracy to deliver cocaine and delivery of cocaine. We reverse.

Following an undercover narcotics investigation by the Woonsocket police department, defendant, Carl B. DeSanto (DeSanto), was arrested and charged by information with delivery of cocaine and conspiring with Mark S. Tetreault to deliver cocaine. The case was tried before a jury in the Superior Court. The jury returned a ver-

dict of guilty on both charges. An appeal was timely filed.

Evidence presented at trial revealed that the Woonsocket police initiated an undercover narcotics investigation after receiving anonymous tips and hearing rumors that several area lounges were engaging in narcotics-related activities. Carl's Pub, owned and operated by DeSanto, was one of the lounges investigated. Undercover officer Lori D. Cronshaw (Cronshaw), on loan from the Cumberland police department, testified that DeSanto arranged for her to purchase cocaine from Michael Tetreault[1] on February 20, 1987. Officer Cronshaw also testified that she purchased cocaine from DeSanto on April 2, 1987.

Officer Cronshaw had visited Carl's Pub four or five times prior to the evening of February 20, 1987. After engaging DeSanto in small talk, she asked if he knew where she could buy some "coke." DeSanto suggested that if she came back later in the evening, he might be able to help her out. Cronshaw returned to Carl's Pub at approximately 10 p.m. that same evening. DeSanto approached her and asked if she was still interested in buying some "coke." Cronshaw answered in the affirmative. DeSanto then went over to another individual, whom Cronshaw identified at trial as Michael Tetreault, and whispered inaudibly. When DeSanto returned, he directed Cronshaw to talk with Michael Tetreault about buying "coke," whom Cronshaw then approached. He informed Cronshaw that it would cost her $120. Cronshaw testified that she gave Michael Tetreault the money, and he gave her a plastic bag containing cocaine.

On April 2, 1987, Cronshaw returned to Carl's Pub. After chatting with DeSanto for a while, she asked if he knew where she could get some "coke." DeSanto told her it would be no problem and asked how much she wanted. Cronshaw asked for a sixteenth of an ounce. DeSanto advised her that it would cost $120. He then proceeded to a storeroom located at the opposite end of the building. DeSanto returned from the storeroom with the cocaine, where upon Cronshaw paid him $120. The following evening the Woonsocket police department raided Carl's Pub and arrested DeSanto.

DeSanto took the stand in his own defense and testified that he knew a Mark Tetreault, who had recently began to frequent Carl's Pub. He also testified that he had known a Michael Tetreault since his childhood. DeSanto denied participating with anyone in any drug transactions or conversations about drugs.

The trial court's instruction to the jury on the charge of conspiracy included reading count 1 of the information[2] and defining the crime of conspiracy. The trial justice defined conspiracy as follows:

"The crime of conspiracy involves a combination of two or more persons to do some unlawful act, and the offense is complete once the agreement is made. In order for you to find the defendant guilty of the charge of conspiracy, you must find that the prosecution has proven to you beyond a reasonable doubt, that the defendant agreed with another to deliver cocaine."

DeSanto objected to the instruction, arguing that it relieved the jury of its obligation to determine beyond a reasonable doubt that DeSanto had conspired with Mark Tetreault to deliver cocaine as alleged in the information. The jury returned a verdict of guilty on the conspiracy charge. DeSanto raises three issues on appeal.

First DeSanto argues that the trial court erred when it failed to instruct the jury on an essential element of the charge, specifically, DeSanto asserts that the prosecution must prove beyond a reasonable doubt that

1. The transcript spells the last name Tatro. The parties agree that the correct spelling is "Tetreault" and employ that spelling in their briefs. We shall employ the spelling agreed upon by the parties.

2. Specifically, the trial justice stated, "Count 1 charges that Mark Tatro [sic] and Carl DeSanto, on or about the 20th day of February, 1987 at Woonsocket did unlawfully conspire to violate the Rhode Island Uniform Controlled Substances Act by delivering a controlled substance; to wit, cocaine."

he conspired with Mark Tetreault to deliver cocaine. The state argues that the identity of the coconspirator was not an essential element of the charge. Additionally the state argues that the jurors could have deduced from the evidence that they were being asked to determine if a conspiracy existed between DeSanto and Mark Tetreault.

Rhode Island follows the common-law rule of conspiracy. *State v. Brown,* 486 A.2d 595, 601 (R.I.1985); *see* General Laws 1956 (1981 Reenactment) § 11–1–6. We have defined the crime of conspiracy as a "combination of two or more persons to commit an unlawful act or a lawful act for an unlawful purpose." 486 A.2d at 601. "No overt act in furtherance of the scheme is required since the essence of the conspiracy is the unlawful agreement." *Id.*

When, as here, the information specifically alleges that only two named persons conspired the identity of those two individuals becomes an essential element of the offense. Identity is especially critical when, as here, the information named Mark S. Tetreault as the coconspirator and the state's key witness named Michael Tetreault, who is an actual person but a different individual, as the coconspirator.

It is not reversible error for a trial justice to refuse to give instructions requested by a defendant provided that the charge given adequately covers the law relating to the request. *State v. Grundy,* 582 A.2d 1166, 1170 (R.I.1990). But when that charge does not adequately define the law, reversible error has occurred.

Here DeSanto objected to the instruction given by the trial court and requested that it be supplemented with his proposed instruction on the charge of conspiracy. The jurors should have been instructed that in order to find DeSanto guilty of the conspiracy charged, they must find that the prosecution has proven beyond a reasonable doubt that DeSanto conspired with the person or persons named in the information or indictment. The charge as given did not accomplish this task.

Inasmuch as we sustain defendant's appeal in regard to the first issue raised, we need not address the other issues raised on appeal.

For these reasons the defendant's appeal is sustained, the judgment of conviction is vacated, and the papers of the case are remanded to the Superior Court for a new trial.